RILEY, Judge
dissenting.
[17] I respectfully dissent from the majority’s decision reversing the trial court’s summary - judgment and holding, that a genuine issue of material fact exists as to whether Dunn’s kick “was outside the range of ordinary behavior for a karate student engaged in a kicking-the-bag practice drill.” (Op. at 373).
[18] As noted by the majority, our supreme court’s seminal decision in Pfenning v. Lineman, 947 N.E.2d 392 (Ind.2011), addressed the duty of care owed by participants in athletic events. Rejecting the concept that a participant in a sporting event owes' no duty of care to protect others from inherent risks of the sport, our supreme court adopted the rule that “if the conduct of such participant is within the range of ordinary behavior of participants in the sport, the conduct is reasonable- and does not constitute a breach of duty.” Id. at 404 (emphasis added). “The general nature of the conduct reasonable and appropriate for a participant in a particular sporting activity is usually commonly understood and subject to ascertainment as a matter of law.” Id. at 403-04. In the facts before it, the Pfenning - court opined *374 that hitting an “errant drive” represents conduct “clearly within the range of ordinary behavior of golfers[.]” Id. at 404.
[19] Applying Pfenning and its progeny, the majority then analyses whether Dunn’s particular kick was outside the range of ordinary behavior under the particular circumstances before this court and concluded that “the general nature of the conduct reasonable and appropriate for a participant in a karate practice drill is not commonly understood and subject to, ascertainment as a matter of law.” (Op. at 373) (quoting Pfenning, 947 N.E.2d at 403-04) (emphasis added). I disagree with the majority’s analysis as it represents a more narrow rule than our supreme court proponed in Pfenning.
[20] As Pfenning noted, a “sports participant engages in physical activity that is often inexact and imprecise and done in close proximity to others[.]” Id. at 403. Even though no Indiana case has addressed sport injuries as a result of participating in karate, the sport is generally commonly understood as a high contact sport, involving throws, strikes, and other techniques encouraging physical contact between the participants. Most sports acknowledge that mistakes will happen and Megenity and Dunn understood this when they signed their application for membership in the studio by acknowledging that “[c]aution must be used while participating in this program.” (Appellant’s App. p. 99). As such, Megenity was instructed in; the proper foot placement to safely absorb the impact of the kick during the kicking-the-bag - practice drill, which was conducted with participants versed in different skill levels.
[21] “Athletic activity by its nature involves strenuous and often inexact and imprecise physical activity that may somewhat increase the normal risks attendant to the activities of ordinary life outside the sports arena, but this does not render unreasonable the ordinary conduct involved in such sporting activities.” Id. at 403. By focusing on whether Dunn’s particular kick was “outside the range of ordinary behavior for a karate student engaged in a kicking-the-bag practice drill,” the majority limits its review to the particular exercise instead of the broader scope of the sport of karate, as instructed by Pfenning. (Op. at 373) (emphasis added). Although Pfenning noted ■ that “strong public policy considerations favor the encouragement of participation in athletic activities and the discouragement of excessive litigation of claims by persons who suffer injuries from participants’ conduct,” the majority opens the door again to a fact sensitive inquiry in every sports negligence case as to the exactness and preciseness of a particular exercise within that broader sport. Id. at 403.
[22] Based on the facts before me, I would conclude that Dunn’s conduct was within the ordinary range of behavior of participants in karate and would affirm the, trial court’s summary judgment in favor of Dunn.